IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 09-cv-02576-PAB-CBS

SAMUEL G. GAGLIANO,

     Plaintiff,

v.

JOHN E. POTTER, U.S. POSTMASTER GENERAL, of the United States
Postal Service, an independent agency of the U.S. Government,

     Defendant.

_____

### ORDER
_____

     This matter is before the Court on defendant's motion to dismiss [Docket No. 14].

The motion is fully briefed and ripe for disposition.

## I. BACKGROUND

     Plaintiff, a United States Postal Service ("Postal Service") employee, initiated an

internal claim of discrimination on October 10, 2006. In a letter dated January 5, 2007,

a Postal Service Equal Employment Opportunity Alternative Dispute Resolution

Specialist informed plaintiff that the processing of his claim was concluded. The letter

also provided that

> [i]f you opt to file a formal complaint, you have 15 days from the date of
> receipt of this letter to file a timely formal complaint. Your complaint could
> be subject to dismissal in accordance with 29 CFR Part 1614.107 if not filed
> within the 15 day time limit. Your complaint will be deemed timely if it is
> postmarked before the expiration of the 15 day time limit.

Docket No. 14-2 at 6. A courtesy copy of the letter was also sent to plaintiff's

representative at the time. *See* Docket No. 14-2 at 6, 8.

The record indicates that the letter was delivered to plaintiff's home mailbox on January 6, 2007. Plaintiff, however, was out of town visiting his brother from January 6 through January 8. He contends, and defendant does not dispute, that he retrieved his mail from his mailbox and opened the letter regarding his claim on January 9. Fifteen days later, on January 24, 2007, plaintiff filed his administrative complaint.[1]

Plaintiff filed his complaint against defendant in this Court on November 2, 2009. He asserts claims arising out of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*, the Age Discrimination in Employment Act, 29 U.S.C. § 623, and the Rehabilitation Act, 29 U.S.C. § 791. Defendant seeks dismissal of plaintiff's complaint for failure to exhaust administrative remedies, arguing that January 6, 2010 was the receipt date triggering plaintiff's fifteen day period to file an administrative charge, making his January 24, 2007 filing untimely.

## II. STANDARD OF REVIEW

Defendant brings his motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendant, however, presents evidence outside the pleadings for the Court's consideration, which typically requires a court to treat the motion as one for summary judgment. *See* Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) . . ., matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the

---

[1]Plaintiff's Postal Service Equal Employment Opportunity case was initially dismissed as untimely. *See* Docket No. 14-1 at 4. On appeal, the Office of Federal Operations of the United States Equal Employment Opportunity Commission reversed and remanded that dismissal. *See* Docket No. 23-6 at 3.

motion."). If a document is referenced in and central to a complaint, however, a court need not convert the motion but may consider that document on a motion to dismiss. *See GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997). Moreover, "facts subject to judicial notice may be considered in a Rule 12(b)(6) motion without converting the motion to dismiss into a motion for summary judgment." *Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006).

While defendant includes documents that are likely subject to these exceptions, he also relies upon a declaration by a Postal Service employee as well as outside evidence he contends supports a January 6, 2007 delivery date. *See* Docket No. 14-2 at 2-4, 8-10. Furthermore, defendant includes a section in his motion entitled "Relevant Material Facts," *see* Docket No. 14 at 3-4, and also acknowledges the possibility that the Court might convert the motion into a Rule 56 motion for summary judgment. *See* Docket No. 14 at 1 n.1, 3 n.2. In response, plaintiff includes a section entitled "Disputed Relevant Material Facts" and attaches exhibits, including an affidavit he filed in his United States Postal Service Equal Employment Opportunity case. *See* Docket No. 23-4 at 4. The Court, therefore, concludes that this motion should be addressed pursuant to Federal Rule of Civil Procedure 56.

However, "when such a conversion occurs, the district court 'must provide the parties with notice so that all factual allegations may be met with countervailing evidence.'" *Price v. Philpot*, 420 F.3d 1158, 1167 (10th Cir. 2005) (quoting *Burnham v. Humphrey Hospitality Reit Trust, Inc.*, 403 F.3d 709, 713 (10th Cir. 2005)). "Notice to the parties is required to prevent unfair surprise when a judge converts a 12(b)(6)

motion into a Rule 56 motion." *Arnold v. Air Midwest, Inc.,* 100 F.3d 857, 859 n. 2 (10th Cir.1996).   Although defendant did not reference summary judgment within the title of his motion, defendant's inclusion of outside materials and two references to the possibility of conversion provided plaintiff with notice.   *See Marquez v. Cable One, Inc.*, 463 F.3d 1118, 1121 (10th Cir. 2006) (finding plaintiff had "explicit notice" where the motion's title referenced summary judgment in the alternative and the motion included materials outside the pleadings); *Arnold,* 100 F.3d at 859 n. 2 ("'[W]hen a party submits material beyond the pleadings in support of or opposing a motion to dismiss, the prior action on the part of the part[y] puts [her] on notice that the judge may treat the motion as a Rule 56 motion.'") (quoting *Wheeler v. Hurdman,* 825 F.2d 257, 260 (10th Cir.1987)).   Furthermore, plaintiff responded in a manner reflecting such notice.   *See Marquez*, 463 F.3d at 1121 ("[P]laintiff's response to the motion clearly demonstrated that he was aware that the motion would be converted to a Rule 56 motion for summary judgment."); *Lynch v. Bulman*, No. 06-1018, 2007 WL 2993612, at *2 n.2 (10th Cir. Oct. 15, 2007) ("[I]t is clear from Lynch's responses to the motions that he was aware the district court could convert them into motions for summary judgment.  Moreover, he had the opportunity to introduce evidence not contained in the complaint; in fact, his responses to Defendants' motions referred to materials outside of the complaint.") (citations omitted); *Ketchum v. Cruz,* 961 F.2d 916, 919 (10th Cir. 1992) ("The court cannot convert a motion to dismiss to a motion for summary judgment without notice, unless the opposing party has responded to the movant's attempt to convert the motion by filing his own affidavits.").   Under these circumstances, plaintiff will not be prejudiced

4

in any way by converting the motion.  *See Burnham v. Humphrey Hospitality Reit Trust, Inc.*, 403 F.3d 709, 714 (10th Cir. 2005) ("Because Ms. Burnham had the opportunity to introduce evidence that was not contained in the complaint, we hold that Ms. Burnham was not prejudiced by converting the motion to dismiss to a motion for summary judgment.  *Cf. Lamb* [*v. Rizzo*], 391 F.3d [1133,] 1136 n.3 (finding no prejudice when plaintiff 'not only failed to object to the exhibits attached to [defendant's] motion to dismiss, but [plaintiff] also filed his own exhibits in response.').") (alterations in *Burnham*); *see also Alexander v. Oklahoma*, 382 F.3d 1206, 1214-15 (10th Cir. 2004)).  Therefore, the Court will convert defendant's motion to one for summary judgment.

Summary judgment is warranted under Federal Rule of Civil Procedure 56(c) when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248-50 (1986); *Concrete Works, Inc. v. City & County of Denver,* 36 F.3d 1513, 1517 (10th Cir. 1994); *see also Ross v. The Board of Regents of the University of New Mexico*, 599 F.3d 1114, 1116 (10th Cir. 2010).  A disputed fact is "material" if under the relevant substantive law it is essential to proper disposition of the claim.  *Wright v. Abbott Labs., Inc.,* 259 F.3d 1226, 1231-32 (10th Cir. 2001).  Only disputes over material facts can create a genuine issue for trial and preclude summary judgment.  *Faustin v. City & County of Denver,* 423 F.3d 1192, 1198 (10th Cir. 2005).  An issue is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party.  *Allen v. Muskogee,* 119 F.3d 837, 839 (10th

Cir. 1997).   When reviewing a motion for summary judgment, a court must view the evidence in the light most favorable to the non-moving party.  *Id.*; *see McBeth v. Himes*, 598 F.3d 708, 715 (10th Cir. 2010).

## III.  DISCUSSION

Plaintiff was required to exhaust administrative remedies before filing his lawsuit in this Court.  *See Woodman v. Runyon*, 132 F.3d 1330, 1341 (10th Cir. 1997).  He was first required to "consult a Counselor prior to filing a complaint in order to try to informally resolve the matter."  29 C.F.R. § 1614.105(a).  "If the matter has not been resolved, the aggrieved person shall be informed in writing by the Counselor . . . of the right to file a discrimination complaint."  29 C.F.R. § 1614.105(d).  The letter dated January 5, 2007 constituted such notice and "inform[ed] the [plaintiff] of the right to file a discrimination complaint within 15 days of receipt of the notice."  *Id.*; *see* 29 C.F.R. § 1614.106(b) ("A complaint must be filed within 15 days of receipt of the notice required by § 1614.105(d) . . .").  Plaintiff does not contend that the exhaustion requirement is inapplicable to this timing provision.  *See Lockett v. Potter*, 259 F. App'x 784, 786 (6th Cir. 2008) (unpublished) ("Administrative exhaustion requirements for federal employees include: consultation with an EEO counselor within forty-five days of the allegedly discriminatory incident, 29 C.F.R. § 1614.105(a)(1); filing an individual complaint of discrimination with the allegedly discriminatory agency, 29 C.F.R. § 164.106(a) . . . ."); *see also Simmons v. Potter*, No. 08-cv-02593, 2009 WL 3158167, at *2 (D. Colo. Sep. 28, 2009) (citing *Dimsdale v. Peters*, 217 F. App'x 743 (10th Cir. 2007) (unpublished)).  Nor does he seek to be excused from the requirement.  *See*

*Million v. Frank*, 47 F.3d 385, 389 (10th Cir. 1995) ("Compliance with the filing requirements of Title VII . . . is subject to waiver, estoppel, and equitable tolling."). Rather, he responds to defendant's motion by arguing that his filing was timely.

Although the parties disagree on how to describe certain events, there is no genuine dispute that the notice was delivered to plaintiff's home mailbox on Saturday, January 6, 2007. At that time, plaintiff was out of town, visiting his brother from January 5 through January 8, 2007. Plaintiff did not retrieve his mail from his mailbox until January 9, 2007.[2] Plaintiff filed his administrative complaint on January 24, 2007, within fifteen days of January 9, but more than fifteen days after January 6, 2007. Therefore, the issue presented to the Court is whether January 6 (the day the notice was delivered to his mailbox) or January 9 (the date he retrieved his mail) triggered the running of the fifteen-day period within which to file his administrative complaint.

Defendant relies upon the Tenth Circuit's holding in *Million* in support of his argument that the notice's arrival in plaintiff's mailbox triggered the fifteen-day time limit. In particular, defendant cites the *Million* court's statement that, "[i]n the absence of equitable considerations demanding a different result, receipt at a plaintiff's address of the right to sue letter constitutes receipt sufficient to start the running of the time period for filing a discrimination action." *Million*, 47 F.3d at 388. *Million*, however, does not stand for the proposition defendant contends it does, i.e., that mere arrival at an

---

[2]Defendant reads the record as showing that plaintiff returned home on January 8, 2007, citing in its reply [Docket No. 24] references in the record to plaintiff's visit with his brother extending from January 5 to January 8, 2007. *See* Docket No. 23-4 at 4, Docket No. 23-7. The record is not entirely clear, however, regarding whether such references mean he returned home sometime on January 8 or on the morning of January 9.

address automatically triggers the time period for filing.

The precise issue addressed by the court in *Million* was "whether receipt of the [right to sue] letter at plaintiff's home by his wife constitutes 'receipt of notice' for purposes of section 2000e-16(c)."[3]  *Million*, 47 F.3d at 387.  The plaintiff in *Million* asked that the time period not begin running until "he actually looked at his mail several days later."  *Id.*[4]  The court outlined a split in authority, noting that some courts "have required actual receipt by the plaintiff as the trigger to the running of the time period, even though the notice was earlier received *by another member of plaintiff's household* at plaintiff's residence," while "other courts have held that the period for filing begins to run when there has been receipt *by a member of plaintiff's household* at plaintiff's address, unless the plaintiff establishes equitable considerations which would justify tolling."  *Id.* at 387-88 (emphasis added).  The court agreed with the latter approach, concluding that, "[i]f the rule were otherwise, a plaintiff would be permitted to 'enjoy a manipulable, open-ended time extension which could render the statutory limitation meaningless . . .

---

[3]Section 2000e-16(c) of Title 42 of the United States Code authorizes a federal employee to file a civil action "[w]ithin 90 days of receipt of notice of final action taken by a department, agency, or unit referred to in subsection (a) of this section, or by the Equal Employment Opportunity Commission upon an appeal from a decision or order of such department, agency, or unit . . . ."

[4]In *Million*, the Tenth Circuit cited cases for the proposition that notice to one's attorney can be sufficient to start the running of the time period.  *See* 47 F.3d at 387 (citing *Irwin v. Veterans Affairs*, 498 U.S. 89, 92 (1990); *Noe v. Ward*, 754 F.2d 890, 892 (10th Cir. 1985)); *cf.* 29 C.F.R. § 1614.605(d) ("When the complainant designates an attorney as representative, service of all official correspondence shall be made on the attorney and the complainant, but time frames for receipt of materials shall be computed from the time of receipt by the attorney.").  Here, the January 5 letter was mailed to plaintiff's representative as well.  Defendant, however, does not identify the date the letter was received by plaintiff's representative or what, if any, impact that would have on the timeliness of plaintiff's administrative complaint.

8

.'" *Id.* at 388 (citation omitted). Therefore, in *Million*, "notice received *by plaintiff's wife* . . . triggered the start of the [time] period unless plaintiff has brought forth equitable considerations which would justify tolling that time period." *Id.*; *see Allen v. Sprint Corp.*, No. 99-2097-CM, 2000 WL 1472835, at *2 (D. Kan. Aug. 3, 2000) ("In *Million* the court held that the thirty days began when the letter was *received by a member of the plaintiff's household* despite the fact that the plaintiff himself did not see the letter until several days later."). In short, *Million* found that not only actual, but also constructive, notice to plaintiff is sufficient to trigger running of the time period.

Unlike in *Million*, the Court "begin[s] [its] consideration here by observing that this case does not involve the issue of constructive receipt, that is, the situation in which the right-to-sue letter itself is actually delivered to the plaintiff's residence and accepted by a family member or other authorized person." *Jackson v. Continental Cargo-Denver*, 183 F.3d 1186, 1188 (10th Cir. 1999) (citing *Million*, 47 F.3d 385); *see Jackson*, 183 F.3d at 1189 ("In *Million*, . . . the right-to-sue letter itself was actually delivered to the plaintiff's residence and accepted by the plaintiff's wife, although plaintiff himself did not read his mail for several days after delivery. *Million* thus involved a constructive delivery . . . ."); *Gallegos-Lopez v. Kansas City*, No. 09-4034-SAC, 2009 WL 2912637, at *3 (D. Kan. Sep. 9, 2009) (citing *Jackson*, 183 F.3d at 1188).[5] Rather, in this case, plaintiff "received neither actual nor constructive notice of his right to institute legal proceedings," *Jackson*, 183 F.3d at 1189, on January 6, 2007.

In this way, the facts of the present case are more comparable to *Jackson* than

---

[5]The *Gallegos-Lopez* court cited *Jackson* in this portion of its opinion as "183 Kan. at 1188." It is clear, however, that the citation is to *Jackson*, 183 F.3d at 1188.

to *Million.* In *Jackson*, the Tenth Circuit concluded that the mere presence of a form indicating that a certified letter awaited plaintiff, who was away from home and did not check his mail for over two weeks, did not provide notice of a right to sue. Instead, the Court "conclude[d] that [plaintiff] did not receive notice of his right to sue for purposes of triggering the ninety-day limitation period until he actually received his right-to-sue letter," *Jackson*, 183 F.3d at 1189-90, despite delivery of three forms over the course of more than two weeks indicating attempts to deliver a certified letter. *See id.* at 1187. The Court finds that here, similarly, the mere delivery of a letter, without plaintiff knowing it is there, is insufficient to constitute notice under the reasoning of *Jackson*. *Cf. Biester v. Midwest Health Services, Inc.*, 77 F.3d 1264, 1267 (10th Cir. 1996) (finding that plaintiff received notice on the date he retrieved the letter at the post office). Defendant's contrary argument turns entirely on the location of the letter, i.e., sitting in his home mailbox instead of at the post office. The dispositive factor, however, is the receipt by plaintiff or the equivalent – e.g., actual receipt by plaintiff (*Jackson)*, somebody in plaintiff's household (*Million*), or an authorized representative (29 C.F.R. § 1614.605(d)) – and not merely its delivery location.

Defendant contends that plaintiff's "status as a Postal Service supervisor who is represented by counsel" and someone who "should be presumed to be fairly aware of his rights and obligations as a Title VII plaintiff . . . . raises the issue of whether Plaintiff is attempting to engage in the manipulation envisioned by the holdings in *Jackson* and *Million*." Docket No. 24 at 9. Defendant, however, identifies no evidence that plaintiff

engaged in such manipulation of the process.[6]  Plaintiff was simply away from home for three days.  Upon returning from his trip, plaintiff retrieved and opened his mail.  "No evidence suggests that the plaintiff . . . knew or had reason to suspect that any mail awaiting pick-up was in fact the right-to-sue letter . . . or that . . . [plaintiff] intentionally delayed in obtaining the mail in order to circumvent the limitation period."  *Gallegos-Lopez*, 2009 WL 2912637, at *3 ("In the absence of such facts, and because the defendant has not proffered conclusive evidence that the plaintiff . . . actually received the notice . . . anytime before January 15th, defendant's motion for summary judgment must be denied.").  The only evidence of dilatory conduct defendant offers is the possibility that plaintiff returned home sometime on January 8 but did not retrieve his mail from the mailbox until January 9.  *See supra* at 7, n.2.  As noted above, the record does not clearly establish this fact and, on this motion, the Court construes the evidence in the light most favorable to plaintiff.  In any event, the Court does not find that waiting one day to check one's mail would be material, even if it were to constitute some measure of fault.  As the Court found in *Wyckoff v. Loveland Chrysler-Plymouth, Inc.*, No. 07-cv-01639-REB-KMT, 2008 WL 927664 (D. Colo. April 3, 2008), *Million* and *Jackson* "indicate[] that a plaintiff's simple negligence or inadvertence in relation to receipt of the notice of right to sue does not start the running of the ninety-day period at

---

[6]The *Jackson* court "recognize[d] there may be a case in which a plaintiff knows or has reason to suspect that a certified letter being held for pick-up is in fact a right-to-sue letter from the EEOC but delays obtaining it in order to manipulate the limitation period,"  but found no evidence of such manipulation. *Jackson*, 183 F.3d at 1190 n.1.  It did not, therefore, need to "decide whether in those circumstances a court could properly decide that the limitation period begins at a point prior to *physical receipt* of the right-to-sue letter."  *Id.* (emphasis added).

any point prior to actual receipt." *Id.* at *3; *see Gallegos-Lopez*, 2009 WL 2912637, at *3.

Finally, the Court notes that defendant cites the possibility of plaintiff's manipulation of the process despite defendant's failure to abide by the Postal Service's own procedures. Along with the January 5 letter, defendant mailed plaintiff a Postal Service Form 2579-A ("Notice of Right to File Individual Complaint") signed by the Dispute Resolution Specialist on January 5, 2007. *See* Docket No. 23-1. That form specifically instructs the Dispute Resolution Specialist, directly beneath where she signed, that, "***[i]f you are mailing the Notice, you must send it by Certified Mail, Return Receipt Requested.***" *See* Docket No. 23-1 (emphasis in original). Defendant instead sent the notice Priority Mail, with only Delivery Confirmation.[7] If defendant had mailed the notice in a manner requiring a signature upon delivery, plaintiff would have received actual or, if somebody else had signed for it, constructive notice the same day as delivery. Here, however, by simply mailing the letter along with the notice containing a space for plaintiff to indicate the "Date Received," defendant provided actual notice on January 9, 2007, the undisputed date plaintiff retrieved and opened the letter and the date plaintiff indicated on Form 2579-A.

In sum, compliance with the instruction to utilize Certified Mail, Return Receipt

---

[7]The notice further provides that, "[i]n the absence of a legible postmark, [a formal complaint] must be received by mail within 5 calendar days of the expiration of the filing period." Docket No. 23-1 at 1. That presumptive five-day period was implicated in *Simmons v. Potter*, where the Court concluded that "the delivery receipt and/or a track and confirm receipt are not sufficient, in and of themselves, to rebut the five-day presumption of receipt with mailing." 2009 WL 3158167, at *4. Instead, "the agency must present additional evidence to show that the plaintiff's attorney *actually received* the letter on the date it posits." *Id.* (emphasis added).

Requested would have provided confirmation of either actual or, as in *Million*, constructive receipt of notice.  Here, the absence of such notice on January 6 is a direct result of defendant's own decision not to comply with the Postal Service's own practice. In the absence of any evidence that plaintiff actually or constructively received the notice on an earlier date, the Court concludes that plaintiff received notice of his right to file his administrative complaint on January 9, 2007.  Fifteen days later, he filed a timely administrative complaint.

**IV. CONCLUSION**

For the foregoing reasons, it is

**ORDERED** that defendant's motion to dismiss [Docket No. 14], which the Court has converted to a motion for summary judgment, is DENIED.


DATED September 15, 2010.

BY THE COURT:


s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge